JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DURK MURDOCK

**DEFENDANTS**
UNION PACIFICI RAILROAD COMPANY, A DELAWARE CORPORATION

(b) County of Residence of First Listed Plaintiff: **WEBER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
L. MILES LEBARON, LEBARON & JENSEN, P.C., 1513 NORTH HILL FIELD RD. STE 1, LAYTON, UTAH 84041, 801-773-9488

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 US C SECTION 51-60

Brief description of cause:
PERSONAL INJURY /FELA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/06/19
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**L. MILES LEBARON (#8982)**
**MELINDA C. HIBBERT (#6098)**
**LEBARON & JENSEN, P.C.**
**1513 North Hill Field Rd., Ste. 1**
**Layton, Utah 84041**
**Telephone: 801-773-9488**
**Facsimile: 801-773-9489**
**miles@lebaronjensen.com**
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DURK MURDOCK, and individual;**<br><br>    Plaintiff,<br><br>vs.<br><br>**UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;**<br><br>    Defendant. | **COMPLAINT**<br><br>**Civil No.  1:19-CV-00055**<br><br>**Judge: Robert J. Shelby** |

**COMES NOW** the Plaintiff, Durk Murdock ("Plaintiff"), by and through counsel, and hereby complains against Union Pacific Railroad ("Defendant"), as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is an individual residing in Weber County, State of Utah.

2. Defendant was and is now a duly organized and existing corporation

1

incorporated under the laws of the State of Delaware and is engaged in business as a common carrier in interstate commerce doing business in the State of Utah and other states.

3. At all times herein mentioned, Plaintiff's duties as an employee of Defendant were in furtherance of and directly, closely, or substantially related to, and affected, Defendant's interstate commerce.

4. The injuries sustained by Plaintiff arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of the Federal Employers' Liability Act as set forth in 45 U.S.C. §§ 51-60, *et seq.*, regulations promulgated under the authority of those sections, and other federal safety laws.

6. This Court has jurisdiction over this lawsuit under 45 U.S.C. § 56, because Defendant was doing business in the State of Utah at the time this action commenced.

7. The United States District Court for the District of Utah is the appropriate forum for this action because, among other reasons, the incident at issue occurred in the State of Utah, and Plaintiff and the following witnesses reside in the State of Utah:

        a.    Plaintiff
        b.    Brandon Wintle, M.D., treating physician; 1915 W. 5950 S., Roy, UT

    84067
  c. H. Colman Herrod, M.D., treating radiologist, 4401 Harrison, Blvd, Ogden, UT 84403

## GENERAL ALLEGATIONS

8. Plaintiff re-alleges and reincorporates the allegations in paragraph 1 through 7 above as if fully set forth herein.

9. On June 7, 2016, Plaintiff was performing his duties related to his employment as a "brakeman." Among his duties, he was responsible to engage and disengage the brake mechanisms on assigned locomotive rail cars.

10. The brake mechanism is engaged and disengaged by turning a large wheel typically located on the rear of the rail car close to the top. The location of the wheel requires the brakeman to either climb to the top of the car and turn the wheel by hand, or use a "brake stick" which can be extended and used from the ground.

11. The brake stick is used to assist in eliminating exposure to risk and injury associated with ascending and descending rail cars to engage and disengage brakes.

12. Brake sticks are equipped with a mechanism that allows the pole portion of the stick to be extended to the desired length in order to reach the brake wheel. Once extended to the desired length, a lock on the brake stick is designed to prohibit the extension pole portion of the brake stick from extending or contracting while in use.

13. Defendant provided Plaintiff with a brake stick which Defendant stored attached to the locomotive assigned to Plaintiff on and before June 7, 2016.

3

14. Defendant had previously required Plaintiff to use the brake stick even though Plaintiff informed Defendant of his concern that due to the design of the brake stick someone would eventually be injured even when using the brake stick as intended.

15. On the date of the incident, Plaintiff was engaged in using the brake stick as intended.

16. As Plaintiff began to rotate a brake wheel, the extension pole on the brake stick suddenly and unexpectedly extended which caused Plaintiff to lose his balance and fall to the ground and injure his back.

17. Soon after the incident, Plaintiff reported to his supervisor what had occurred. On or about June 15, 2016, Plaintiff reported his injuries and completed an employee personal injury claim report.

18. Plaintiff experienced intense pain in his back due to the injury received on June 6, 2016 and was unable to work as a result.

19. Plaintiff attempted to work a shorter shift without the aid of pain medications but was unable to do so due to the intense pain in his back.

20. Due to the injuries Plaintiff sustained on June 7, 2016, Plaintiff was forced to take early retirement at age forty-seven (47) rather than be allowed to work until the ordinary retirement age of sixty-five (65).

21. As a result of Plaintiff's forced early retirement, he has suffered both economic and noneconomic damages.

4

## FIRST CAUSE OF ACTION
FEDERAL EMPLOYERS' LIABILTY ACT
45 U.S.C. §§ 51-60

22. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. The defective condition of the brake stick made it unsafe to operate because, among other things, the locking mechanism would not secure the extension pole properly to prevent sudden and unexpected extension or contraction.

24. The locomotive was "in use" at the time.

25. On June 7, 2016, and before, Defendant had the statutory non-delegable duty to exercise ordinary care to provide Plaintiff a reasonably safe place to work which includes the continuing duty to maintain it's locomotives and all parts and appurtenances in proper condition, safe to operate, and without unnecessary danger of personal injury; and, among other things:

   a. the duty to inspect, maintain and repair the locomotive to discover, remedy, and/or guard against a defective condition, including defective conditions to the brake stick Plaintiff was required to use;

   b. the duty to warn Plaintiff of the presence of the defective condition of the brake stick;

   c. the duty to immediately remove the defective brake stick from use and provide Plaintiff with a properly functioning brake stick; and

   d. the duty to comply with Federal regulations governing the inspection and condition of its locomotives, including, but not limit to, 49 C.F.R Chapter II, FRA DOT Part 229, Railroad Locomotive Safety Standards, §§ 229.21, 229.23, 229.45, 229.46, FRA DOT Part 232, Brake System Safety Standards For Freight And Other Non-

5

>Passenger Trains And Equipment; End of Train Devices, §§ 232.103, 232.105, and 232.111.

26. On or before June 7, 2016, Defendant, through its agents, servants and employees other than Plaintiff, negligently and carelessly failed to exercise ordinary care to comply with the duties enumerated above, a result of which caused Plaintiff's injuries.

27. On or before June 7, 2016, Defendant had been placed on notice through its agents, servants, and employees that the brake stick was defective and could result in injury. Defendant negligently and carelessly failed to exercise ordinary care in removing the defective brake stick from operation and providing Plaintiff with a properly functioning brake stick.

28. By reason of the facts as set forth above and as a result thereof, Plaintiff received injuries to his back.

29. Plaintiffs injuries have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will and in the future cause Plaintiff physical pain and suffering.

30. Plaintiffs injuries have impaired Plaintiff's ability to enjoy life including recreational activities and work-related activities and will continue to impair Plaintiff's future ability to enjoy life.

31. Plaintiff was forced to and did incur medical expenses directly related to the injuries he sustained because of the defective brake stick.

32.     Because of the injuries caused by the defect, Plaintiff has sustained loss of wages and loss of fringe benefits. Plaintiff's earning capacity is permanently impaired due to his injuries.

33.     Accordingly, Plaintiff makes the follow claim for damages:

   a.   Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

   b.   Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future; reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

   c.   Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

## SECOND CAUSE OF ACTION
NEGLIGENT FAILURE TO TRAIN PLAINTIFF

34.     Plaintiff re-alleges and reincorporates the allegations in paragraphs 1 through 33 above as if fully set forth herein.

35.     At all times on or before June 7, 2016, Defendant had the non-delegable duty to exercise ordinary care in providing Plaintiff training related to Plaintiff's

assigned responsibilities including the safe and proper manner in which to use the brake stick.

36. At all times on or before June 7, 2016, Defendant failed to train Plaintiff concerning the safe and proper manner in which to use the brake stick.

37. Accordingly, Plaintiff makes the follow claim for damages:

    a. Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

    b. Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future; reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

    c. Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

### THIRD CAUSE OF ACTION
49 U.S.C. § 20701
LOCOMOTIVE INSPECTION ACT

38. Plaintiff re-alleges and re-incorporates the allegations in paragraphs 1 through 37 above as if fully set forth herein.

39. 49 U.S.C. § 20701 states:

**"Requirements for use**

"A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances

(1) are in proper condition and safe to operate without unnecessary danger of personal injury;

(2) have been inspected as required under this chapter [49 U.S.C. §§ 20701 *et seq.*] and regulations prescribed by the Secretary of Transportation under this chapter [49 U.S.C. §§ 20701 *et seq.*]; and

(3) can withstand every test prescribed by the Secretary under this chapter [49 U.S.C. §§ 20701 *et seq.*].

40. At all times mentioned Defendant failed to comply with the statutory non-delegable requirement of 49 U.S.C. § 20701, causing Plaintiff's injuries.

41. Accordingly, Plaintiff makes the follow claim for damages:

a. Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

b. Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future; reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

c. Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be

proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

### **FOURTH CAUSE OF ACTION**
VIOLATION OF 49 U.S.C. § 229.7

42. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1 through 41 above as if fully set forth herein.

43. 49 U.S.C. § 229.7, states in pertinent part:

   **"Prohibitive acts and Penalties"**

   (a) "Federal Rail Safety Laws (49 U.S.C. 20701-20703) make it unlawful for any carrier to use or permit to be used on its line any locomotive unless the entire locomotive and its appurtenances

      (1) Are in proper condition and safe to operate in the service to which they are put, without unnecessary peril to life or limbs; and

      (2) Have been inspected and tested as required by this part."

44. At all times herein mentioned, Defendant failed to comply with the statutory non-delegable requirements of 49 U.S.C. § 229.7, causing Plaintiff's injuries.

45. Accordingly, Plaintiff makes the follow claim for damages:

   a. Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

   b. Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future;

10

reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

c. Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

**FIFTH CAUSE OF ACTION**
VIOLATION OF 49 C.F.R. § 229.21

46. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1 through 45 above as if fully set forth herein.

47. 49 C.F.R. § 229.21, states in pertinent part:

**"Daily Inspection"**

(a) ". . . each locomotive in use shall be inspected at least once during each calendar day. A written report of the inspection shall be made. This report shall contain the name of the carrier; the initials and number of the locomotive; the place, date and time of the inspection; a description of the non-complying condition disclosed by the inspection; and the signature of the employee making the inspection. . . . any conditions that constitute non-compliance with any requirement of this part shall be repaired before the locomotive is used."

48. On Plaintiff's information and belief Daily Inspections were to be performed, and were performed by Defendant's employees who were designated as an "Engineers." On or before June 7, 2016, Defendant, through its agents, servants and

11

employees designated as "Engineers," failed to inspect the brake stick as required under the statute set forth above.

49. At all times herein mentioned, Defendant failed to comply with the statutory non-delegable requirement of 49 C.R.F. § 229.21, causing Plaintiff's injuries.

50. Accordingly, Plaintiff makes the follow claim for damages:

   a. Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

   b. Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future; reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

   c. Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

### SIXTH CAUSE OF ACTION
VIOLATION OF 49 C.F.R. § 229.45

51. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1 through 50 above as if fully set forth herein.

52. 49 C.F.R. § 229.45, states in pertinent part:

**"General condition"**

"All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train."

53. At all times mentioned herein, Defendant failed to comply with the statutory non-delegable requirement of 49 C.F.R. § 229.45, causing Plaintiff's injuries.

54. Accordingly, Plaintiff makes the follow claim for damages:

   a. Any noneconomic losses or injuries which Plaintiff has suffered to date or which Plaintiff may suffer in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of quality of life;

   b. Any economic losses or injuries which Plaintiff has suffered to date or which Plaintiff will likely suffer in the future, including: loss of earning or damage to his ability to earn money in the future; reasonable and necessary medical treatment, and other expenses; loss of fringe benefits; diminution of retirement benefits; and cost associated with vocational rehabilitation; and

   c. Any physical impairment or disfigurement.

WHEREFORE, Plaintiff respectfully prays for a money judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial and for his costs of suit incurred herein and all other relief that this Court deems just and appropriate.

## **REQUEST FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial on all six (6) issues raised in this complaint.

**DATED and SIGNED this 6th day of June 2019.**

       **LeBaron & Jensen, P.C.**


       **/s/L. Miles LeBaron___**
       **L. Miles LeBaron**
       **Melinda C. Hibbert**
       **Attorneys for Plaintiff**